```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
TRAVIS VENNING, on behalf of himself, individually,               :
and on behalf of all others similarly situated,                   :
                                                                  :
                                  Plaintiff,,                     :     23-CV-10176 (JMF)
                                                                  :
             -v-                                                  :
                                                                  :     MEMORANDUM OPINION
PRIMARK US CORP.,                                                 :          AND ORDER
                                                                  :
                                  Defendant.                      :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On November 20, 2023, Plaintiff filed a Complaint in which he invoked the Court's subject-matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2).  *See* ECF No. 1 ("Compl."), ¶ 6.  On preliminary review, the Complaint appears to suffer from several potentially fatal jurisdictional defects.

First, Plaintiff adequately pleads neither the minimal diversity nor the amount in controversy required for CAFA jurisdiction.  Minimal diversity is achieved when "(A) any member of a class of plaintiffs is a citizen of a State different from any defendant; (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state."  28 U.S.C. § 1332(d)(2); *see also Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58–59 (2d Cir. 2006).  Here, Plaintiff merely alleges that he is a "resident of New York," Compl. ¶ 9, and that Defendant is a "Delaware Foreign Business Corporation . . . registered to do business in New York," *id.* ¶ 12,

with a "principal executive office [] located at 780 Third Avenue, Suite 2203, New York, New York 10017," *id.* ¶ 13.  In sum, Plaintiff has neither alleged his own citizenship, *see Leveraged Leasing Admin Corp. v. PacifiCorp Capital, Inc*. 87 F.3d 44, 47 (2d Cir. 1996) ("[A] statement of the parties' residence is insufficient to establish their citizenship."), nor established that he or any member of his putative "New York Class," *see* Compl. ¶ 17, is a citizen of a state different from Defendant, which is a citizen of both Delaware *and* New York.  Assuming Plaintiff and all other members of the putative class are citizens of New York, minimal diversity would not be achieved.

Next, federal courts have subject-matter jurisdiction pursuant to CAFA only where the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).  A party invoking federal jurisdiction must show a "a reasonable probability that the claim is in excess of the statutory jurisdictional amount," but courts "recognize a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy."  *Scherer v. Equitable Life Assurance Soc'y of U.S.,* 347 F.3d 394, 397 (2d Cir.2003) (internal quotation marks omitted); *see also Ebin v. Kangadis Food Inc.*, No. 13-CV-2311 (JSR), 2013 WL 3936193, at *2 (S.D.N.Y. July 26, 2013).  Here, Plaintiff fails to meet even this minimal burden, as he alleges only conclusorily that "the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs."  Compl. ¶ 6; *see Ballard v. U.S. Bank N.A.*, No. 20-CV-5129 (NSR), 2020 WL 6381134, at *7 (S.D.N.Y. Oct. 29, 2020).  Further, given the nature of Plaintiff's claims, which relate only to the timing of his pay, it seems unlikely that the amount in controversy would exceed $5,000,000.  Therefore, the Court is unable to exercise jurisdiction under CAFA based on the allegations in the Complaint.

In addition, it is not clear that the Complaint alleges an injury-in-fact sufficient to confer Article III standing.  A statutory violation alone, without a tangible injury or close parallel to a traditional cause of action, does not constitute an injury that can be recognized by the federal courts.  *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021).  In the wage-and-hour context, plaintiffs have been found to allege a sufficient tangible injury where they plausibly connect the statutory violation to "the underpayment of wages."  *See Mateer v. Peloton Interactive, Inc.*, 22-CV-740 (LGS), 2022 WL 2751871, at *2 (S.D.N.Y. July 14, 2022); *Imbarrato v. Banta Mgmt. Servs., Inc.*, 2020 WL 1330744, at *9 (S.D.N.Y. Mar. 20, 2020).  Short of that, however, courts routinely dismiss such cases for lack of standing where the plaintiffs allege only "technical violations of the NYLL."  *Francisco v. NY Tex Case, Inc.*, No. 19-CV-1649 (PKC), 2022 WL 900603, at *6 (S.D.N.Y. Mar. 28, 2022); *see also Metcalf v. TransPerfect Translations Int'l, Inc.*, 632 F. Supp. 3d 319, 341 (S.D.N.Y. Sept. 30, 2022); *Sevilla v. House of Salads One LLC*, No 20-CV-6072 (PKC), 2022 WL 954740, at *7 (E.D.N.Y. Mar. 30, 2022); *Wang v. XBB, Inc.*, No. 18-CV-7341 (PKC), 2022 WL 912592, at *13 (E.D.N.Y. Mar. 29, 2022).  Here, Plaintiff alleges that he was "denied the time-value of his money" when Defendant paid him on a bi-weekly (as opposed to weekly) basis, as he was "unable to invest, save, or purchase utilizing the wages he earned and was owed but [was] paid late."  Compl. ¶ 33.  But that claimed monetary harm appears to be "purely hypothetical" in this case, as Plaintiff does not demonstrate how a one-week delay in his ability to "invest, save, or purchase" resulted in his being "underpaid."  Compl. ¶¶ 32-34; *see Shi v. TL & CG Inc.*, No. 19-CV-8502 (SN), 2022 WL 2669156, at *7 (S.D.N.Y. July 11, 2022).

In light of the foregoing, it is hereby ORDERED that Plaintiff show cause in writing by **December 4, 2023**, why this case should not be dismissed for lack of subject-matter jurisdiction.

Defendant may file a response no later than **December 11, 2023**. If Plaintiff fails to show cause or does not file anything by the deadline, the Court will dismiss the case for lack of subject-matter jurisdiction without further notice to the parties.

Finally, Plaintiff is directed to serve on Defendant a copy of this Order, and to file proof of such service on the docket, **within two business days of this Order**.

SO ORDERED.

Dated: November 27, 2023
      New York, New York

                                           JESSE M. FURMAN
                                         United States District Judge