# BORRELLI & ASSOCIATES
## P.L.L.C.
www.employmentlawyernewyork.com

| | |
|---|---|
| 655 Third Avenue | 910 Franklin Avenue |
| Suite 1821 | Suite 200 |
| New York, NY 10017 | Garden City, NY 11530 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

April 5, 2024

**Defendant shall file any response to Plaintiff's letter motion by April 10, 2024.**

*Via ECF*
The Honorable Jesse M. Furman
United States District Judge for the
Southern District of New York
40 Foley Square
New York, New York 10007

SO ORDERED.

*[signature]*

April 8, 2024

Re:   *Venning v. Primark US Corp. Case No. 1:23-cv-10176-JMF*

Dear Judge Furman:

As the Court is aware, this firm represents Plaintiff Travis Venning in the above referenced putative class action alleging violations of Section 191(1)(a) of the New York Labor Law ("NYLL"). Consistent with Judge Victor Marrero's very recent decision in *Urena v. Sonder USA Inc.*, 22 CIV. 7736 (VM), 2024 WL 1333012 (S.D.N.Y. Mar. 28, 2024), we write to request a stay of proceedings in this case pending disposition of the New York Court of Appeals' likely appellate review of the decision in *Grant v. Global Aircraft Dispatch, Inc.*, 223 A.D.3d 712 (2d Dep't 2024). Defendant Primark US Corp. does not consent to the stay as requested.

In brief, in Plaintiff's Amended Complaint, which invoked this Court's jurisdiction pursuant to the Class Action Fairness Action, 28 U.S.C. § 1332(d), Plaintiff, a manual worker, primarily claims that he worked for Defendant, a clothing retailer, in New York, and that Defendant paid him and all those similarly-situated to him on a bi-weekly basis. He seeks, on behalf of himself and the class, liquidated damages, interest, and attorney's fees and expenses as a result.

At the time that Plaintiff commenced this action, the First Department was the only appellate court in New York to rule on whether a manual worker employee paid less frequently than weekly maintained a private right of action to enforce Section 191(1)(a) of the NYLL, finding in *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144 (1st Dep't 2019), that there were

both express and implied private rights of action under that statute.  But on January 17, 2024, the Second Department, with one panel member dissenting, reached a contrary result in *Grant*, finding that Section 191(1)(a) of the NYLL provides neither an express nor implied private right of action.  Since *Grant,* the majority of federal courts to weigh in on the issue have held that the New York Court of Appeals would be likely to file *Vega* and not *Grant*. *See Garcia v. Skechers USA Retail, LLC*, 2024 WL 1142316 (E.D.N.Y. Mar. 15, 2024); *Bazinett v. Pregis LLC*, 2024 WL 1116287 (N.D.N.Y. March 14, 2024); *Sarmiento v. Flagge Cont. Inc.*, 2024 WL 806137 (S.D.N.Y. Feb. 27, 2024); *Gamboa v. Regeneron Pharm., Inc.*, 2024 WL 815253 (S.D.N.Y. Feb. 27, 2024); *Zachary v. BG Retail, LLC*, 2024 WL 554174 (S.D.N.Y. Feb. 12, 2024); *but see Galante v. Watermark Services IV, LLC*, 2024 WL 989704 (W.D.N.Y. Mar. 7, 2024) (following *Grant*).  On March 29, 2024, Defendant here filed a motion for judgment on the pleadings, urging this Court to dismiss the case pursuant to *Grant*.

On February 15, 2024, the plaintiff in *Grant* filed a motion with the Second Department seeking leave to appeal the issue to the New York Court of Appeals so that the high court could resolve the inter-department split.  That motion has been fully briefed since March 16, 2024, and is currently pending decision.  In light of the appellate posture of *Grant*, before wasting attorney and judicial resources further briefing and resolving Defendant's motion, in what is likely to be an entirely academic exercise, Plaintiff respectfully submits that just as Judge Marrero concluded in *Urena*, and for those very same reasons that Plaintiff incorporates and relies on herein, a stay is appropriate pending the ultimate disposition of the *Grant* appeal, one way or another.

Indeed, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936).  "It is within the sound discretion of a district court to enter a stay pending the outcome of independent proceedings that are likely to affect a case on its calendar." *Trikona Advisors Ltd. v. Kai-Lin Chuang*, 2013 WL 1182960, at *2 (E.D.N.Y. Mar. 20, 2013) (citing *Goldstein v. Time Warner N.Y. City Cable Grp.*, 3 F. Supp. 2d. 423, 437–438 (S.D.N.Y. 1998)).  A stay is appropriate when a "higher court is close to settling an important issue of law bearing on the action." *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012).

The stay that Plaintiff requests here would neither be indefinite nor impermissibly long.  Nor would there be any prejudice to either side.  In fact, granting the stay would save all interested parties, this Court, and the Second Circuit - - seeing how the losing party in this case will be forced to appeal in the absence of a stay - - substantial resources.  We therefore respectfully request that the Court stay this action pending either: (i) exhaustion of appeals and final denial by the Second Department or Court of Appeals of a request to appeal *Grant*; or (ii) a decision by the Court of Appeals in *Grant*.  Alternatively, Plaintiff requests a deadline to submit his opposition to

Defendant's pending motion of twenty-days after the Court denies his request for a stay, should that occur.

      We thank the Court for its time and attention to this matter.

                                             Respectfully submitted,

                                             Michael J. Borrelli, Esq.
                                                 *For the Firm*

To: All Counsel *via* ECF